IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI LAUNDRY SERVICES, LLC,
and XANITOS, INC.                                                                        PLAINTIFFS

v.                                                                        Civil No. 1:16cv64-HSO-JCG

BRYCE EVANS
and JOHN DOES 1-15                                                                        DEFENDANTS

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS [18], DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE EXHIBITS [28], AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [24]

This matter is before the Court on Defendant Bryce Evans' Motion to Dismiss [18] and Motion to Strike [28], and Plaintiffs Mississippi Laundry Services, LLC, and Xanitos, Inc.'s, Motion for Leave to File Amended Complaint [24]. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Defendant's Motion to Dismiss should be denied without prejudice to Defendant's right to re-urge, and Defendant's Motion to Strike should be denied as moot. Plaintiffs' request for leave to amend their Complaint should be granted and Plaintiffs are granted leave until Friday, January 20, 2017, to file any Amended Complaint.

## I. BACKGROUND

This case arises out of an employment dispute. Defendant Bryce Evans ("Defendant") acknowledges that on September 29, 2014, he entered into an Employment Agreement with Plaintiff Xanitos, Inc. ("Xanitos"), that contained non-competition and confidentiality clauses. Mot. to Dismiss [18] at 1. Defendant

subsequently left his employment with Xanitos and began working for Gulf Coast Laundry Services of Mississippi, Inc., a "chief competitor" of Plaintiff Mississippi Laundry Services, LLC ("Mississippi Laundry"), in December 2015. Compl. [1] at 2-7.

On February 24, 2016, Plaintiffs Mississippi Laundry Services, LLC ("Mississippi Laundry"), and Xanitos (collectively, "Plaintiffs"), filed a Complaint [1] asserting claims against Defendant Bryce Evans ("Evans" or "Defendant") for:

| | |
|---|---|
| Count I | Preliminary and Permanent Injunction; |
| Count II | Conversion of Plaintiffs' Documents; |
| Count III | Unfair Competition and Tortious Interference with Actual and Prospective Advantageous Business Relations; |
| Count IV | Misappropriation of Trade Secrets; |
| Count V | Violation of the Computer Fraud and Abuse Act; and |
| Count VI | Breach of Contract. |

Compl. [1] at 7-11.

On April 1, 2016, Evans filed a Rule 12(b)(6) Motion to Dismiss [18] asserting that Plaintiffs' Complaint fails to state a claim. Mot. to Dismiss [18] at 1. Evans contends that Mississippi Laundry is not a party to his Employment Agreement with Xanitos and thus lacks standing to raise claims against Evans arising out of the Employment Agreement. *Id.* Evans maintains that the Complaint fails to state

a claim because it relates to Mississippi Laundry's business and not Xanitos' business.  *Id.*

Plaintiffs have filed a Response [24] in Opposition to Defendant's 12(b)(6) Motion to Dismiss the Complaint, or, in the Alternative, Plaintiffs' Motion for Leave to File Amended Complaint.  Plaintiffs argue that the Complaint does state a claim in that Mississippi Laundry "is an intended third party beneficiary of the Employment Agreement."  Resp. in Opp'n [24] at 2.  Alternatively, Plaintiffs seek leave to amend their Complaint.[1]  *Id.* at 3-4.

On June 3, 2016, Evans filed a Motion to Strike [28] requesting that the Court Strike certain "Exhibits" that were attached to Plaintiff's Response in Opposition.

## II. <u>DISCUSSION</u>

A.    <u>Relevant Legal Standard</u>

In considering a motion to dismiss under Rule 12(b)(6), the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the

---

[1] On May 19, 2016, Plaintiffs refiled the "Response in Opposition to Defendant's 12(b)(6) Motion to Dismiss the Complaint, or, in the Alternative, Plaintiffs' Motion for Leave to File Amended Complaint" as a stand-alone "Motion for Leave to Amend."  Mot. to Amend [26] at 3-4.  On May 20, 2016, United States Magistrate Judge John C. Gargiulo denied the stand-alone Motion [26] without prejudice "for non-compliance with Local Civil Rule 7(b)(2)" in that the proposed amended complaint was not attached to the Motion.  The Text Order does not alter the fact that Plaintiffs have requested, as alternate relief, leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  *See* Mot. in Opp'n [24] at 3-4; Mem. in Supp. [25] at 19.

plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"[T]he mere presence of additional issues in the record" does not require a court to treat a motion to dismiss pursuant to Rule 12(b)(6) as one for summary judgment. *Britton v. Seale*, 81 F.3d 602, 605 n.1 (5th Cir. 1996) (citation omitted). A court may consider matters of public record in resolving a motion to dismiss without converting the motion to one for summary judgment. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating that courts may consider "matters of which a court may take judicial notice" when reviewing a motion to dismiss pursuant to Rule 12(b)(6) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

B.   Based upon the procedural posture of this case, Evans' Motion to Dismiss
should be denied without prejudice to his right to re-urge, and his Motion to
Strike should be denied as moot.

Although the Complaint in this case was filed on February 24, 2016,

Defendant filed his Answer and Motion to Dismiss on April 1, 2016.  Plaintiffs

requested leave to amend their Complaint on May 19, 2016, less than two months

after Defendant's Motion was filed.  No case management order has yet been

entered.

In determining whether to allow a plaintiff leave to amend a complaint under

Federal Rule of Civil Procedure 15, as opposed to granting a motion to dismiss

under Rule 12, a court considers various factors, although there is a "presumption

in favor of allowing amended pleadings."  *Marcucci Sports, LLC v. NCAA*, 751 F.3d

368, 378-79 (5th Cir. 2014) (quotation omitted).

> "Rule 15(a) requires a trial court to grant leave to amend freely, and the
> language of this rule evinces a bias in favor of granting leave to amend."
> *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)
> (citation and internal quotation marks omitted).  Leave to amend is in
> no way automatic, but the district court must possess a "substantial
> reason" to deny a party's request for leave to amend.  *Id*. (citation and
> internal quotation marks omitted).  The district court is entrusted with
> the discretion to grant or deny a motion to amend and may consider a
> variety of factors including "undue delay, bad faith or dilatory motive on
> the part of the movant, repeated failures to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party
> . . . , and futility of the amendment."  *Id*. (citation omitted).  "In light of
> the presumption in favor of allowing pleading amendments, courts of
> appeals routinely hold that a district court's failure to provide an
> adequate explanation to support its denial of leave to amend justifies

5

reversal." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted).

*Id.* at 378.

Given the nature of the arguments presented by the parties, the Court is of the opinion that the more appropriate course at this juncture would be to permit Plaintiffs the opportunity to amend their Complaint. There has been no scheduling order entered, nor has there been any showing of undue delay by the parties in this case. Granting Plaintiffs' request to amend would not result in any significant delay, nor is the request to amend otherwise inconsistent with the appropriate standards under Rule 15.

Because the Court finds that Defendant's Motion to Dismiss should be denied without prejudice, Defendant's Motion to Strike should be denied as moot.

### III.   CONCLUSION

The Court finds that Plaintiffs should be permitted the opportunity to amend their Complaint to state their claims against Defendant with greater particularity. Defendant Bryce Evans' Motion to Dismiss will be denied, without prejudice to his right to reassert his Motion following the filing of any amended complaint, or to answer or otherwise respond to Plaintiff's Complaint or Amended Complaint after Plaintiffs' January 20, 2016, deadline.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendant Bryce Evans' Motion to Dismiss [6] is **DENIED WITHOUT PREJUDICE** to Defendant's

right re-urge, or to answer or otherwise respond to Plaintiffs' Complaint or Amended Complaint.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Defendant Bryce Evans' Motion to Strike [28] is **DENIED AS MOOT.**

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiffs Mississippi Laundry Services, LLC, and Xanitos, Inc.'s request for leave to file an Amended Complaint **GRANTED**, and **Plaintiffs shall file any Amended Complaint on or before Friday, January 20, 2017.**

**SO ORDERED AND ADJUDGED**, this the 3rd day of January, 2017.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE